## White, et al. v. City of Glasgow.

(Decided April 24, 1912.)

### Appeal from Barren Circuit Court.

1. Municipal Corporations—Annexation of Boundary.—Where a municipality exercised its right, under the statute, to annex adjacent territory, the fact that the residents of the annexed territory had theretofore petitioned the city to so annex said territory upon condition that it furnish electric lights and fire hydrants to the annexed territory, did not create a contract in behalf of the residents of the annexed territory, whereby they could require the city to furnish electric lights and fire hydrants to said territory.

2. Municipal Corporations—Power to Put Conditions Upon Annexation to Boundary.—Under section 3612 of the Kentucky Statutes, a city of the fifth class has the exclusive authority, subject to review by the courts, when timely made, to determine whether the annexation shall be made; and the property owner, without the original boundary, has no authority or power to put conditions upon the city's power of annexation.

3. Contracts.—Where a city council, by an entry upon its minute book, recited that a petition for annexation was read, accepted and spread upon the record, without any further notice having been taken thereof by ordinance or otherwise, and it subsequently annexed the territory mentioned in the petition, the minute of acceptance and the subsequent annexation did not bind the city to perform the conditions set forth in the petition for annexation.

J. R. WHITE and GRIDER & HARLIN for appellants.

BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

On July 6, 1909, appellants, who are owners of land immediately adjoining, but without the corporate limits of Glasgow, a city of the fifth class, petitioned the Mayor and City Council of Glasgow to annex to the corporate boundaries of the city the territory embracing their land. The petition was made, however, upon the condition that the city council would pass an ordinance requiring all the property owners in the annexed territory to construct cement sidewalks in front of their respective properties, and that the city council would furnish said district with electric lights and two fire hydrants. The petition was accepted, and the designated territory was subsequently annexed by an ordinance adopted, in every respect, as required by section 3611 of the Ken-

tucky Statutes. Relying upon the condition embodied in their petition as constituting a contract that bound the city to require the sidewalks to be made, and to funish the annexed territory with electric lights and fire hydrants, the petitioners did not protest against the annexation, as they might have done under section 3612 of the Kentucky Statutes; and the city council having failed and refused to perform any of said conditions, they brought this action on June 1, 1911, to set aside the ordinance of annexation, or if that can not be done, that the city council be required to furnish said electric lights and fire hydrants, and that the city be enjoined from collecting taxes from said annexed territory until it shall have complied with the conditions of the petition. The petition further alleges that the plaintiffs constitute 66 2-3 per cent of the citizens and property holders in said territory, and that the annexation of said territory was not beneficial either to the city of Glasgow or to the district attempted to be annexed. This last allegation evidently was made in view of section 3612 of the Kentucky Statutes, which provides that if less than 75 per cent of the freeholders of the annexed territory remonstrate against the annexation of said territory, and if the annexation of said territory will be for the interest of the city, and will cause no manifest injury to the persons owning real estate within the annexed territory, said annexation shall be approved by the council and become final.

The circuit judge sustained a demurrer to the petition, and upon failure to amend, it was dismissed. The plaintiffs prosecute this appeal from the order of dismissal. The petition is predicated upon the theory that the action of the city council in annexing the territory pursuant to the petition of the appellants, constituted an enforceable contract on behalf of appellants, under which the appellee could be required to perform the conditions which appellants attempted to attach to the annexation. In this contention, however, appellants are in error. It is unnecessary to go into the larger questions raised upon the argument, regarding the right of the appellants to make a conditional petition for annexation, or the power of appellee to bind itself by acting upon such an offer. The facts alleged do not show a contractual liability upon the part of the appellee.

Under the statute above referred to, the city council

has exclusive authority, subject to review by the courts when timely presented by protest, to determine whether the annexation shall be made; and the property owner without the original boundary, has no authority or power to put conditions upon that power of the city council. When the plaintiffs undertook, therefore, to attach conditions to the power of the city council to make the annexation, their effort was ineffectual, and imposed no obligation upon the city council. In enlarging the city boundary, and in determining the extent and manner of such annexation, the city council acts in a governmental and legislative capacity, and its discretion is not to be controlled except as it is restrained by constitutional and statutory provisions. In the case at bar, appellee could have annexed appellant's property precisely as it did, without any petition from appellants; and if appellants had opposed the annexation, it could not be said from what appears in the petition, that the annexation would or could have been thereby defeated. Furthermore, the minutes of the city council, which merely show that the petition was read, accepted and ordered spread on the record, without any further notice having been taken thereof by ordinance or otherwise, was not sufficient to constitute a binding contract upon the part of the city council to do any particular act.

The circuit judge properly dismissed the petition, and his judgment is affirmed.